IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DARRELL PAGE, | § | |
| | § | No. 15, 2024 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 9911016961 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: April 16, 2024
Decided: May 16, 2024

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

(1)　After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, we conclude that the Superior Court's December 13, 2023 order, which adopted a commissioner's report[1] recommending that the Superior Court summarily dismiss the appellant's eighth motion for postconviction relief, should be affirmed.　The appellant has not pleaded any

---

[1] *State v. Page*, 2023 WL 6460279 (Del. Super. Ct. Oct. 2, 2023) (Commissioner's Report).

circumstances under Rule 61(d)(2)(i) or (d)(2)(ii) that overcome the procedural bars set forth in Rule 61,[2] nor does he claim that the Superior Court lacked jurisdiction.[3]

(2)     The appellant's repetitive and frivolous filings constitute an abuse of the judicial process.  We have previously warned the appellant that if he continued to file appeals from orders denying repetitive claims, he would be enjoined from filing future appeals without leave of the Court.[4]  We reiterate that warning here.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[2] *See* DEL. SUPER. CT. R. CRIM. PROC. 61(d)(2) (providing that a second or subsequent motion for postconviction relief "shall be summarily dismissed, unless the movant was convicted after a trial and the motion" pleads with particularity either "that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted" or "a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction . . . invalid"); *see also id.* R. 61(i) (establishing procedural bars to postconviction relief and exceptions thereto).
[3] *Id.* R. 61(i)(5).
[4] *Page v. State*, 2019 WL 6130479 (Del. Nov. 18, 2019).